**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 26-10483
Non-Argument Calendar

————————————————

DALTON D. BANKS,

*Plaintiff-Appellant,*

*versus*

DONNA K. LAMONS, et al.,

*Defendants,*

TAMMY BROWN,
   Honorable, Judge,
SHERIFF'S DEPARTMENT OF CULLMAN COUNTY,
ALABAMA,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 6:25-cv-00132-ACA

————————————————

Before JORDAN, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

This case asks whether judicial immunity applies to a probate judge in Alabama for her role in ordering a man's involuntary commitment through a judicial process. Dalton Banks, proceeding *pro se*, appeals the district court's order granting Alabama Probate Court Judge Tammy Brown's ("Judge Brown") and the Cullman County Sheriff Department's ("CCSD") motions to dismiss Banks's § 1983 complaint in which he alleged violations of his constitutional rights related to an involuntary commitment proceeding in the Cullman County, Alabama probate court. After careful review, we agree with the district court's dismissal of the complaint and affirm.

## I.    Background[1]

On or about February 14, 2024, the CCSD initiated involuntary commitment proceedings against Banks, alleging that he had a mental illness and was a danger to himself and others. The Cullman County Probate Court, Judge Brown presiding, then entered an emergency order directing that Banks be involuntarily committed. According to Banks, the defendants then unlawfully confiscated a firearm from Banks that he had a permit to possess

---

[1] Because this case comes to us from the motion to dismiss stage, we relay the facts as described in Banks's complaint, accept them as true, and construe them in the light most favorable to Banks. *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019).

despite the emergency order not granting the CCSD authority to confiscate Banks's property.

The amended complaint alleged multiple errors in Judge Brown's issuance of the order, which in Banks's view did not comply with the requirements for such an order under Alabama law. The complaint also alleged that the petition lacked probable cause for seizure of his firearm and did not authorize the CCSD to seize it. Banks was thus "wrongfully imprison[ed]" based on the involuntary commitment order at two facilities for a total of 17 days until his release on March 2, 2024. Since his release, Banks had made numerous unsuccessful attempts to recover the firearm CCSD seized.

Banks alleged two counts in the complaint. Count I alleged a claim for "Unlawful Involuntary Commitment and Denial of Due Process," asserting that the Probate Court and CCSD "unlawfully deprived [him] of his liberty without due process of law," which violated his rights under the Alabama State Constitution and the Fourteenth Amendment of the U.S. Constitution. Count II alleged a claim for "Unlawful Seizure of Personal Property" because the CCSD "unlawfully" seized Banks's firearm without probable cause or a valid court order, violating his rights under the Alabama State Constitution and the Fourth Amendment of the U.S. Constitution. Banks sought compensatory damages, punitive damages, the return of his firearm, reasonable attorney's fees and costs, and any other relief the court deemed just and proper.

The CCSD moved to dismiss, arguing that it was not an entity subject to suit.  Judge Brown also moved to dismiss the complaint, arguing (as relevant here) that to the extent the complaint sued her in her official capacity as a probate judge, sovereign immunity under the Eleventh Amendment applied because, in her capacity as a judge, she acts on behalf of the state. And to the extent Banks sued Judge Brown in her individual capacity, judicial immunity applied, because she was acting in her judicial capacity when she issued the challenged emergency order and did not act in the clear absence of all jurisdiction.

Banks opposed both motions.  He also sought to file a second amended complaint naming the Cullman County Sheriff, Matt Gentry, as a defendant instead of CCSD.

The district court granted both the defendants' motions.  It found that sovereign immunity barred the claims against Judge Brown in her official capacity as a state official, and that judicial immunity barred the claims against her in her individual capacity because she issued the complained-of order in her official capacity as part of a judicial proceeding.  The court thus dismissed the claims against Judge Brown in her individual capacity with prejudice, and the claims against her in her official capacity without prejudice.  As to the claims against CCSD, the court agreed that Alabama sheriff's departments were not legal entities that Banks could sue and dismissed those claims with prejudice.

The court also denied Banks leave to file a second amended complaint because amendment would be futile.  To the extent the

proposed second amended complaint sought relief from Sheriff Gentry for money damages, the court found Alabama law immunized Gentry. And to the extent Banks sought injunctive relief to compel his firearm's return, the court took judicial notice that Banks had attempted to recover the firearm in a small claims court action in Alabama state court that resulted in a judgment against Banks. That judgment meant that *res judicata* barred the district court from resolving the claim again. So, because amendment would not allow Banks to state an actionable claim, the court denied leave to file the second amended complaint.

Banks timely appealed.[2]

---

[2] In his appeal, Banks does not address the district court's determination that the CCSD was not a legal entity subject to suit, nor does he challenge the district court's denial of his motion to amend his complaint, so we consider these claims abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned.").

Banks also does not challenge the district court's dismissal of his claims against Judge Brown in her official capacity on appeal. If an appellant does not "'plainly and prominently'" raise an issue in his brief before this Court, "'for instance by devoting a discrete section of his argument to those claims,'" he abandons that argument. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation omitted); *see Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("Any issue that an appellant wants the Court to address should be specifically and clearly identified in the brief."). Banks has thus abandoned any challenge to the dismissal of the claims against Judge Brown in her official capacity.

## II.    Discussion

On appeal, Banks argues that the district court erred in finding that judicial immunity applied to Judge Brown on his claims against her in her individual capacity.    He argues that the involuntary commitment order failed to comply with the requirements of Alabama law and it was therefore void *ab initio*, which meant that Judge Brown lacked jurisdiction to issue it and should not receive judicial immunity.[3]  Judge Brown contends that judicial immunity applies to her because Banks's suit is based on her decision in a civil commitment proceeding.

We review *de novo* a district court's grant of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.  *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019).

---

[3] Banks also makes new allegations in his initial brief that were not presented in the district court below, including that he has suffered reputational injury due to the allegedly unlawful involuntary commitment, that his medical records have been permanently tainted by "the false mental-illness label," and that the emergency order resulted in "a fraudulent $30,000 denied VA Claim for care."  We do not consider these allegations because Banks did not present them to the district court, and we consider only the allegations presented in the operative complaint on an appeal from a motion to dismiss.  *Henley*, 945 F.3d at 1326.

Banks raises several additional arguments in his reply brief that he did not raise in his initial brief, including that the district court erred in finding *res judicata* barred Banks's claim for an order requiring the sheriff to return his firearm.  However, "we do not address arguments raised for the first time in a *pro se* litigant's reply brief."  *Timson*, 518 F.3d at 874.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* at 1327 (quotation omitted). But this leniency does not require us "'to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted).

Judges are entitled to absolute judicial immunity for their acts taken in their judicial capacity unless the defendant judge "acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotation omitted). Such judicial immunity applies "'even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Id.* (quotation omitted).

We have "reject[ed] . . . the use of [42 U.S.C.] § 1983 as a device for collateral review of state court judgments." *Id.* So in the context of judicial immunity, the question is not whether the defendant judge's action was correct or "appropriate," but whether the alleged action—in this case ordering Banks's involuntary commitment—was "a judicial activity." *Id.* at 1071; *see McCullough v. Finley*, 907 F.3d 1324, 1330–31 (11th Cir. 2018) (explaining that "[w]e look at the nature and function of [the judge's] act, not the propriety of the act itself, and consider whether the nature and function of the particular act is judicial" to determine a judge's entitlement to judicial immunity for a particular act).

"Whether a judge's actions were made while acting in [her] judicial capacity," and thus are entitled to judicial immunity, depends on "whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley*, 437 F.3d at 1070. A defendant judge's subjective motivation for a particular act is irrelevant and does not affect the judge's entitlement to judicial immunity. *See McCullough*, 907 F.3d at 1331. For purposes of judicial immunity, "[a] judge acts in clear absence of all jurisdiction only if [she] lacked subject-matter jurisdiction," which is a "rare circumstance." *Id.* at 1332 (quotation omitted). In short, judicial immunity protects a judge's actions on a case before the court in most instances.

The district court properly found that judicial immunity applied to Judge Brown on Banks's claims against her in her individual capacity. Banks challenges Judge Brown's issuance of an involuntary commitment order, which Alabama law authorized her to issue as a probate judge. *See* Ala. Code § 22-52-91(d)-(f).[4] Her

---

[4] Under Alabama law, law enforcement officers may take custody of an allegedly mentally ill person and deliver that person to a designated mental health facility for assessment and treatment when there is reasonable cause to believe the person is mentally ill and "is likely to pose a real and present threat of substantial harm to self or others." Ala. Code § 22-52-91(a)(1)–(2) (2022). Upon a determination by staff at the mental health facility that the person should be admitted for treatment, law enforcement must initiate a petition for commitment with the probate court within two days of the initial

26-10483                 Opinion of the Court                 9

conduct was thus a judicial activity that judicial immunity protects. *See Sibley*, 437 F.3d at 1070; *McCullough*, 907 F.3d at 1330–31.

### III.    Conclusion

For the foregoing reasons, we affirm the district court's dismissal of Banks's complaint.

**AFFIRMED.**

---

confinement, and the probate judge must hold a probable cause hearing within seven days of the initial confinement.  *See id*. § 22-52-91(d)–(f); *see also id*. § 22-52-7 (establishing procedural requirements for limiting a person's liberty in the context of commitment proceedings).